# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

GREEN TREE SERVICING LLC,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC; SPRING MOUNTAIN RANCH HOA; DOES 1 through 10, inclusive; and all others who claim interest in the subject property located at 8525 Brody Marsh Ave, Las Vegas, NV 89143.

Defendants.

Case No. 2:15-cv-630-APG-NJK

**ORDER DENYING MOTION TO DISMISS**

(Dkt. #9)

Defendant Spring Mountain Ranch Homeowners Association moves to dismiss Green Tree's complaint on the ground that, according to Nevada Revised Statutes 38.310, those claims first must be submitted to mediation. (Dkt. #9.)  But the mediation provision in § 38.310 is designed for disputes between homeowners and homeowners associations—not disputes between beneficiaries of deeds of trust (which Green Tree is) and homeowners associations.  In addition, Green Tree is trying to quiet title, so it is therefore exempt from the mediation requirements of Nev. Rev. Stat. § 38.310.  Accordingly, I deny Spring Mountain's motion to dismiss.

## I.      BACKGROUND

Green Tree is the beneficiary of the first deed of trust encumbering a house at 8524 Brody March Avenue in Las Vegas, Nevada. (Dkt. #1-7.)  When the owner of the property defaulted on her obligation to pay HOA fees, Spring Mountain initiated foreclosure proceedings. (Dkt. #1 at ¶¶ 20-24.)  At a non-judicial foreclosure sale in January 2013, SFR Investments submitted the winning bid of $24,000. (*Id.* at ¶ 22.)  Green Tree alleges that it was not given adequate notice of the foreclosure proceedings and that the sale was invalid.  It brings one claim for quiet tile and one claim for declaratory relief. (*Id.* at ¶¶ 60-79.)

## II.    DISCUSSION

Spring Mountain contends that this court lacks jurisdiction because, in its view, the claims require the interpretation, application, or enforcement of the CC&Rs, and therefore must first be submitted to mediation through the Nevada Real Estate Department, pursuant to § 38.310.  I entertained—and rejected—similar arguments in *Bank of America v. SFR Investments*, Case No. 2:15-cv-1042-APG-PAL, 2015 WL 6163452 (D. Nev. Oct. 19, 2015) and *Wells Fargo v. SFR Investments*, Case No. 2:15-cv-748-APG-GWF (D. Nev. October 30, 2015).  I focused on how there is no indication that § 38.310 applies to beneficiaries of deeds of trust, a point United States District Judge Jones noted in *U.S. Bank Nat. Ass'n v. NV Eagles, LLC*: "The statute" he held, "clearly applies to homeowners who are in disagreement with their HOAs regarding the interpretation and effect of applicable CC&Rs." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (citing *Hamm v. Arrowcreek Homeowner's Ass'n*, 183 P.3d 895, 900 (Nev. 2008)).  Legislative history supports this holding.  At the initial legislative hearing, the statute's prime sponsor described its purpose:

> Mr. Schneider, the prime sponsor of [the statute], stated it is a form of dispute resolution which developed as a result of his working closely with property management associations.  Over the past year, he has been privy to problems arising in the associations for the homeowners, by the homeowners.  The associations have developed their own constitutions which are referred to as covenants, conditions, and restrictions (CC&Rs).  Although these associations have flourished and existed with encouragement, there are personality problems and management problems between the board and the residents.  As a result, many lawsuits are being filed which could be resolved in some sort of dispute resolution such as arbitration.  Dispute resolution may bring about results in 30 to 45 days rather than the years it takes [for] a lawsuit to proceed through District Court.[1]

Nowhere is there any mention of beneficiaries of deeds of trust.  Instead, the statute targets disputes "between the board and the residents." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3.

Just as Judge Jones ruled in *NV Eagles*, "[t]his case is not based upon an interpretation of the HOA's CC&Rs, and any interpretation thereof required to resolve the dispute between [Green

---

[1] http://www.leg.state.nv.us/Session/68th1995/minutes/AJD214.txt. (Minutes of Meeting of Assembly Judiciary Committee: February 14th, 1995.)

Tree] and the various Defendants is ancillary to the issue of paramount concern: was [Green Tree's] deed of trust extinguished by the HOA's foreclosure sale?" Moreover, the Supreme Court of Nevada has held that quiet title actions are exempt from § 38.310 because a quiet title claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight Family, L.L.P. v. Adept Mgmt.,* 310 P.3d 555, 559 (Nev. 2013). Therefore, § 38.310 is not a barrier to Green Tree's effort to quiet title to the subject property. As a result, I deny Spring Mountain's motion.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that defendant Spring Mountain's motion to dismiss **(Dkt. #9) is DENIED**.

DATED this 14th day of December, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE