# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

GREEN TREE SERVICING LLC,

        Plaintiff,

    v.

SFR INVESTMENTS POOL 1, LLC and
SPRING MOUNTAIN RANCH
COMMUNITY ASSOCIATION,

        Defendants.

Case No. 2:15-cv-00630-APG-NJK

**ORDER DENYING MOTION TO
AMEND AND GRANTING LEAVE TO
FILE RENEWED MOTION TO
AMEND**

(ECF No. 33)

This is a dispute over property located at 8525 Brody Marsh Avenue in Las Vegas.
Plaintiff Green Tree Servicing LLC contends it is the beneficiary of record for a senior deed of
trust encumbering the property. Defendant Spring Mountain Ranch Homeowners Association
previously foreclosed on a homeowners association ("HOA") lien after the property owners did
not pay their HOA assessments. Defendant SFR Investments Pool 1, LLC purchased the property
at the HOA foreclosure sale. Green Tree seeks to quiet title to the property, contending that the
HOA foreclosure sale did not extinguish its deed of trust.

Green Tree now moves to amend its complaint to add allegations that Fannie Mae owned
the loan and that Green Tree acted as Fannie Mae's servicer. Green Tree also seeks to add a
claim that, under federal law, the HOA could not foreclose on Fannie Mae's property without
Fannie Mae's consent. Spring Mountain Ranch and SFR oppose amendment, arguing that Green
Tree's allegations regarding Fannie Mae's ownership are insufficient and contradicted by the
recorded documents relating to the property. They also argue amendment is futile because Green
Tree lacks standing to raise arguments on Fannie Mae's behalf.

Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave when justice
so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave
to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I
consider five factors to assess whether to grant leave to amend under Rule 15(a): (1) bad faith, (2)

1  undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

2  plaintiff has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma*

3  *Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Whether to grant leave to amend under Rule 15 lies

4  within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

5       The only question here is whether the proposed amendment would be futile.  Spring

6  Mountain Ranch and SFR argue it would be because the proposed amended complaint does not

7  adequately allege Fannie Mae had an interest in the property and because Green Tree lacks

8  prudential standing to assert Fannie Mae's rights.

9       **A. Fannie Mae's Interest**

10      The proposed amended complaint alleges that the property was owned by Jerry and

11  Michelle Bowser, who obtained a loan from Countrywide Home Loans, Inc., as evidenced by a

12  note and a deed of trust encumbering the property. ECF No. 33-1 at 4.  The deed of trust

13  identified Countrywide as the original lender and Mortgage Electronic Registration Systems, Inc.

14  ("MERS") as the beneficiary of the deed of trust as nominee for Countrywide and its successors

15  and assigns. *Id.*  According to the proposed amended complaint, Fannie Mae purchased the loan

16  in 2005 and "thereby acquired ownership of the Note and Deed of Trust." *Id.*  It also alleges that

17  in February 2010, MERS assigned the deed of trust to BAC Home Loans Servicing, LP. *Id.*  The

18  recorded assignment states that MERS assigned to BAC "all beneficial interest under that certain

19  deed of trust . . . together with the note or notes therein described or referred to, the money due

20  and to become due thereon with interest, and all rights accrued or to accrue under said deed of

21  trust/mortgage." ECF No. 1-7.

22      The proposed amended complaint further alleges that in June 2013, BAC's successor,

23  Bank of America, N.A., assigned the deed of trust to Green Tree, and that Green Tree became

24  Fannie Mae's servicer. ECF No. 33-1 at 5.  The recorded assignment from Bank of America to

25  Green Tree assigns "all beneficial interest under that certain Deed of Trust described below

26  together with the note(s) and obligations therein described and the money due and to become due

27  thereon with interest and all rights accrued or to accrue under said Deed of Trust." ECF No. 1-8 at

28

2.  The proposed amended complaint alleges that pursuant to the agreement between Fannie Mae and Green Tree, Fannie Mae "may take any and all action with respect to the mortgage loan it deems necessary to protect . . . its ownership of the mortgage loan, including recordation of a mortgage assignment . . . from the servicer to Fannie Mae. . . ." ECF No. 33-1 at 5.  Their agreement also allegedly provides for the temporary transfer of possession of the note from Fannie Mae to Green Tree to facilitate foreclosure and other legal proceedings. *Id.* at 6.  The proposed amended complaint alleges that Fannie Mae nevertheless "is at all times the owner of the mortgage note, and [a]t the conclusion of the servicer's representation of Fannie Mae's interests in the foreclosure . . . possession automatically reverts to Fannie Mae." *Id.*

Green Tree has not plausibly alleged that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale.  The proposed amended complaint alleges that Fannie Mae obtained an interest in the note and deed of trust in 2005 but it alleges that MERS later assigned the deed of trust to BAC without any factual allegations regarding the nature of that transfer.  Nevada follows the rule that "a transfer of either the promissory note or the deed of trust generally transfers both documents," unless the parties to the transfer agree otherwise. *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 257-58 (Nev. 2012).  There are no factual allegations in the proposed amended complaint that the parties to the MERS/BAC transfer agreed to something other than a transfer of both the deed of trust and the note.  Indeed, the recorded assignment states that both the deed of trust and the note were transferred.

Although Green Tree argues that MERS cannot transfer more than what it owned and thus it does not matter what the recorded assignment says, the presumption under Nevada law is that the transfer of one is the transfer of both.  Under the deed of trust, MERS could act as nominee for Countrywide or its assigns, which would include Fannie Mae if, as alleged, Fannie Mae purchased the note from Countrywide.  But there are no factual allegations in the proposed amended complaint that when MERS transferred the deed of trust to BAC, the parties agreed that the transfer would be of the deed of trust only.  Instead, the recorded documents state the transfer was of both the deed of trust and the note.  The transfer from Bank of America to Green Tree

suffers from the same pleading defects.  There are no factual allegations that Bank of America was acting as Fannie Mae's servicer or agent when it transferred the note and deed of trust to Green Tree or that the parties agreed that transfer likewise was only for the deed of trust even though the recorded assignment states it was a transfer of the deed of trust and the note.

Allowing Green Tree to file the proposed amended complaint therefore would be futile because it does not plausibly allege Fannie Mae had a property interest at the time of the HOA foreclosure sale.  However, it is possible that Green Tree can correct these deficiencies.  I therefore consider whether Green Tree would lack prudential standing to raise Fannie Mae's interests even if it could plausibly allege that Fannie Mae had an interest in the property at the time of the HOA sale.

**B. Prudential Standing**

Prudential standing is "not compelled by the language of the Constitution." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 474-75 (1982).  Rather, prudential standing involves "judicially self-imposed limits on the exercise of federal jurisdiction." *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (quotation omitted).  "Among other requirements, the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Mills v. United States*, 742 F.3d 400, 406 (9th Cir. 2014) (quoting *Valley Forge*, 454 U.S. at 474).  Consequently, courts "typically decline to hear cases asserting rights properly belonging to third parties rather than the plaintiff." *McCollum v. Cal. Dept. of Corr. & Rehab.*, 647 F.3d 870, 878 (9th Cir. 2011).

There are two rationales for this aspect of prudential standing.  First, it avoids unnecessary adjudication of third party's rights, and "it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not." *Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976).  "Second, third parties themselves usually will be the best proponents of their own rights." *Id.* at 114.  However, a plaintiff may be allowed to assert a third party's rights "when (1) the party asserting the right has

1    a close relationship with the person who possesses the right and (2) there is a hindrance to the

2    possessor's ability to protect his own interests." *Mills*, 742 F.3d at 407 (quotation omitted).

3              Here, Green Tree seeks to add allegations that Fannie Mae's interest in the property was

4    not extinguished by the HOA foreclosure sale because Fannie Mae was placed into

5    conservatorship and the Federal Housing Finance Agency ("FHFA") was appointed as

6    conservator. ECF No. 33-1 at 10.  Green Tree alleges that under 12 U.S.C. § 4617(j)(3), no FHFA

7    property, including property it holds as Fannie Mae's conservator, may be foreclosed on without

8    FHFA's consent. *Id.*  Green Tree thus seeks to assert legal rights and interests that belong to

9    FHFA and Fannie Mae.  Although Green Tree has alleged a close relationship between itself and

10   Fannie Mae as Fannie Mae's servicer, it has not alleged facts showing there is some hindrance to

11   FHFA and Fannie Mae's ability to protect their own interests.  Nor has Green Tree identified any

12   such hindrances in its motion.  FHFA and Fannie Mae are the best proponents of their own rights.

13   Green Tree therefore lacks prudential standing to raise these third parties' interests.

14            **C. Amendment**

15            The proposed amended complaint fails to plausibly allege Fannie Mae had an interest in

16   the property at the time of the HOA foreclosure sale.  Additionally, Green Tree has not

17   established it has prudential standing to raise FHFA and Fannie Mae's legal rights and interests in

18   this matter.  I therefore deny Green Tree's motion to amend.  However, it is possible that Green

19   Tree could correct the deficiencies identified in this order.  The deadline to file amended

20   pleadings has expired, but Green Tree timely filed its proposed amended complaint.  I therefore

21   will grant Green Tree leave to file a renewed motion to amend.

22            **D. Section 38.310**

23            I previously denied Spring Mountain Ranch's motion to dismiss, which was based on

24   Nevada Revised Statutes § 38.310. *See* ECF No. 31.  In other cases, I have since reconsidered my

25   ruling on that issue. *See Nationstar Mortgage, LLC v. Sundance Homeowners Ass'n, Inc.*, No.

26   2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *4 (D. Nev. Mar. 30, 2016).  I therefore grant

27   Spring Mountain Ranch leave to renew its motion to dismiss based on § 38.310.

28

1

**E.  Conclusion**

2      IT IS THEREFORE ORDERED that plaintiff Green Tree Servicing LLC's motion to

3  amend the complaint **(ECF No. 33) is DENIED**.

4      IT IS FURTHER ORDERED that on or before September 6, 2016, plaintiff Green Tree

5  Servicing LLC may file a renewed motion to amend if it can correct the deficiencies identified in

6  this order.

7      IT IS FURTHER ORDERED that defendant Spring Mountain Ranch Homeowners

8  Association may renew its motion to dismiss based on Nevada Revised Statutes § 38.310.  If it

9  choses to do so, it must file its renewed motion within 15 days of entry of this Order.

10     DATED this 4th day of August, 2016.

11

12                                         _____
                                           ANDREW P. GORDON
13                                         UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28