UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC, <br><br> Plaintiff <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, et al., <br><br> Defendants | Case No.: 2:15-cv-00630-APG-NJK <br><br> **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Granting Motions to Dismiss and for Summary Judgment, and (3) Setting Deadline for Further Action** <br><br> [ECF Nos. 81, 87, 93] |

The parties dispute whether a deed of trust still encumbers property located at 8525 Brody Marsh Avenue in Las Vegas, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Spring Mountain Ranch Homeowners' Association (Spring Mountain). Plaintiff Ditech Financial LLC[1] (Ditech) is the beneficiary of record for the deed of trust and is the loan servicer for Federal National Mortgage Association (Fannie Mae). Ditech seeks a declaration that the deed of trust continues to encumber the property. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. SFR counterclaims for a declaration that it acquired the property free and clear of the deed of trust. SFR also cross-claims to quiet title against the former homeowners, Michelle Bowser and Jerry Bowser.

Ditech moves for summary judgment on the basis that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes the HOA's foreclosure sale from extinguishing Fannie Mae's interest in the property. SFR responds that Ditech's declaratory relief claim is untimely. Spring Mountain moves to dismiss and for summary judgment, arguing it is not a proper party to

---

[1] Plaintiff Green Tree Servicing LLC states in its amended complaint that it changed its name to Ditech Financial LLC. ECF No. 5 at 79. I therefore will instruct the clerk of court to correct the plaintiff's name in the caption.

Ditech's declaratory relief claim because it does not assert an interest in the property and Ditech has not alleged a basis to set aside the foreclosure sale, so there is no means for Spring Mountain's superpriority lien to be reinstated on the property. Ditech agrees that if the deed of trust was not extinguished, then Spring Ranch can be dismissed.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Ditech's motion because no genuine dispute remains that Fannie Mae's interest in the property was not extinguished by the HOA sale under the federal foreclosure bar. I grant Spring Mountain's motions to dismiss and for summary judgment because the foreclosure sale will not be set aside, so Spring Mountain is not a proper party to the declaratory relief claim. Finally, I set a deadline for SFR to either voluntarily dismiss its cross-claim against the Bowsers or to move for default judgment on that claim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA) ] is acting as a conservator," "[n]o property of [FHFA] shall be subject to ... foreclosure[ ] or sale without the consent of [FHFA]." Ditech argues that under the federal foreclosure bar, the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the property. SFR does not dispute that Fannie Mae owned the property at the time of the sale or otherwise challenge the applicability of the federal foreclosure bar.

Instead, SFR contends that Ditech's claim is barred by the statute of limitations. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on November 8, 2013, and the deed upon sale was recorded on November 18, 2013. The original complaint was filed less than two years later, on April 6, 2015. ECF No. 1. But the original complaint did not contain allegations that Fannie Mae owned the note and deed of trust and did not assert the federal foreclosure bar. *Id.* Those allegations were added in Ditech's amended complaint, filed on August 7, 2019. ECF No. 79.

SFR contends that because the amended complaint raised the federal foreclosure bar for the first time, Ditech's declaratory relief claim based on the federal foreclosure bar is untimely.

However, the Housing and Economic Recovery Act of 2008 (HERA) included a so-called extender provision that applies to Ditech's claim. *See* 12 U.S.C. § 4617(b)(12). That statute extends the limitation period for claims brought by the FHFA as conservator for Fannie Mae. Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A). Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like Ditech's declaratory relief claim that is neither a contract nor a tort claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), , *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

I determined in a prior case that a declaratory relief claim like the one Ditech asserts in this case is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019). Other judges in this district agree. *See Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW,

2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110.

And other judges have concluded that the extender statute can be invoked by Fannie Mae or its servicer even though the extender statute states that it applies to claims brought by the FHFA. I agree with the reasoning of these decisions that Fannie Mae and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019 WL 4777311, at *3-4. Consequently, Ditech's declaratory relief claim in this case is governed by the six-year limitation in HERA and is timely.

*Berezovsky* answers the question of whether the federal foreclosure bar preserves Fannie Mae's interest in this property following the HOA foreclosure sale of a superpriority lien. In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. 869 F.3d at 927-31. Ditech's declaratory relief claim is timely and it presents evidence that Fannie Mae owned the property at the time of the HOA foreclosure sale. ECF No. 87-5. SFR presents no contrary evidence or argument other than the statute of limitations. Consequently, the federal foreclosure bar applies and the HOA foreclosure sale did not extinguish the deed of trust. Because the HOA foreclosure sale will not be set aside, I grant Spring Mountain's motions to dismiss and for summary judgment, as it is not a proper party to the declaratory relief claim.

/ / / /

That leaves SFR's cross-claim against the Bowsers. SFR previously moved for default judgment against the Bowsers, which I denied without prejudice. ECF Nos. 94, 99. SFR must now either move for default judgment or voluntarily dismiss that claim. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions, I will dismiss the cross-claim without prejudice.

**II. CONCLUSION**

I THEREFORE ORDER the clerk of court to modify the caption to show the correct name of plaintiff Green Tree Servicing LLC is Ditech Financial LLC.

I FURTHER ORDER that plaintiff Ditech Financial LLC's motion for summary judgment **(ECF No. 87) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Ditech Financial LLC and against defendant SFR Investments Pool 1, LLC as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on November 8, 2013 did not extinguish Federal National Mortgage Association's interest in the property located at 8525 Brody Marsh Avenue in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

I FURTHER ORDER that defendant Spring Mountain Ranch Homeowners' Association's motions to dismiss and for summary judgment **(ECF Nos. 81, 93) are GRANTED**.

I FURTHER ORDER that by **February 7, 2020**, cross-claimant SFR Investments Pool 1, LLC must either move for default judgment or voluntarily dismiss its cross-claim against Jerry Bowser and Michelle Bowser. A motion for default judgment must include proof of this

/ / / /

/ / / /

court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 16th day of January, 2020.

                                                                              _____
                                          ANDREW P. GORDON
                                          UNITED STATES DISTRICT JUDGE